IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-50-H
4:12-CV-272-H

| | |
|---|---|
| KENNETH FUQUAN ARTIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion filed on November 19, 2012. The government has moved to dismiss the motion for failure to state a claim upon which relief can be granted, and Petitioner has responded to the government's motion. This matter is ripe for adjudication.

## STATEMENT OF THE CASE

On January 4, 2012, Petitioner pleaded guilty, pursuant to a written agreement, to four counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951 and one count of using and carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). On May 9, 2012, the court sentenced Petitioner to a 228-month term of imprisonment. Petitioner did not appeal his sentence. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts two claims for relief. First, he argues that his attorney was ineffective in failing to file a notice of appeal upon Petitioner's instruction. Second, he contends that the

court erred in calculating his sentencing level for the purpose of establishing his sentencing guideline range.

The plea agreement in this case contained a provision whereby Petitioner agreed, among other things, to waive his right to appeal the sentence imposed, including any issues that relate to the establishment of the sentencing guideline range, reserving only the right to appeal from an upward departure from the sentencing guideline range established at sentencing. Petitioner further agreed to waive any right to contest his conviction or sentence in any post-conviction proceeding including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known at the time of the plea. Such waivers are enforceable so long as they are knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner has not alleged that his waiver was not knowing and voluntary, and there is no evidence in the record that indicates such facts. Thus, the first claim raised in Petitioner's § 2255 motion is barred by his plea waiver.

Petitioner further fails to establish that he is entitled to relief on his claim of ineffective assistance of counsel. A criminal defense attorney's failure to file a notice of appeal after receiving instruction to do so by his client "deprives the defendant of his Sixth Amendment right to assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). In his § 2255 motion, Petitioner alleged that he instructed his defense attorney to file a notice of appeal, and his attorney failed to do so. In his reply to the government's motion to dismiss, however, Petitioner concedes that he instructed his attorney to file a notice of appeal prior to receiving a letter from his attorney informing Petitioner of his right to appeal, but advising that "[t]here were no legal or factual objections left unresolved in [Petitioner's] case. Therefore, in [his attorney's]

2

opinion, there [were] no issues for appeal." Two days later, Petitioner signed a written statement advising his attorney that he did not wish to appeal his sentence. Petitioner has not established that he requested his attorney to file a notice of appeal without giving his defense attorney subsequent instructions not to file. Therefore, Petitioner has not demonstrated that his attorney failed to file a notice of appeal in contravention of Petitioner's instructions and in violation of Petitioner's Sixth Amendment right.

Moreover, Petitioner has not demonstrated that his attorney acted unreasonably in advising Petitioner that there was no basis for appeal. In order to prevail on an ineffective assistance claim, petitioner must satisfy the dual standards of *Strickland v. Washington*, 466 U.S. 668 (1984). First, petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. *Id.* at 687–91. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 694.

In reviewing ineffective assistance claims, courts must make "every effort . . . to eliminate the distorting effects of hindsight," *id.* at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," *United States v. Roane*, 378 F.3d 382, 410 (4th Cir. 2004) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

Petitioner has failed to allege sufficient facts to state a claim of ineffective assistance of counsel. Petitioner presents no facts to demonstrate that his attorney's representation fell below "an objective standard of reasonableness" or that he was prejudiced as a result of his attorney's

3

actions. Rather, petitioner simply makes bare, conclusory allegations of ineffective assistance of counsel, unsupported by specific facts demonstrating a right to relief. As such, petitioner's ineffective assistance of counsel claim fails as a matter of law. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (unsupported conclusory allegations subject to dismissal), *abrogated on other grounds by Gray v. Netherland*, 518 U.S. 152, 165–66 (1996).

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss be GRANTED and Petitioner's motion to vacate be DISMISSED for failure to state a claim upon which relief can be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 12th day of November 2013.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge