IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-50-H
No. 4:12-CV-272-H

KENNETH FUQUAN ARTIS,  )
    Petitioner,  )
    )
v.  )      **ORDER**
    )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on the government's motion to dismiss [D.E. #54] petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. 47]. Following a referral order, United States Magistrate Judge Kimberly A. Swank reviewed the case and filed a Memorandum and Recommendation (hereinafter "M&R") on November 12, 2013. [D.E. #60]. On December 2, 2013, petitioner filed objections to the M&R [D.E. #61] and a motion for leave to file an amended 28 U.S.C. § 2255 petition, attaching the proposed amended petition [D.E. #62]. This matter is ripe for adjudication.

**STATEMENT OF THE CASE**

On January 4, 2012, petitioner pled guilty, pursuant to a written plea agreement, to four counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951 and one count of using and carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). [D.E.

##32, 34]. On May 9, 2012, the court sentenced petitioner to a term of imprisonment of 228 months. Petitioner did not appeal his sentence. On November 19, 2012, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [D.E. #47].

The government filed a motion to dismiss petitioner's motion to vacate. [D.E. #54]. Petitioner responded [D.E. #57], and the government replied [D.E. #58]. This case was referred to United States Magistrate Judge Kimberly A. Swank for entry of an M&R. Magistrate Judge Swank filed an M&R on November 12, 2013. [D.E. #60]. On December 2, 2013, Petitioner filed belated objections to the M&R [D.E. #61] and a motion for leave to file an amended petition pursuant to 28 U.S.C. § 2255 [D.E. #62]. Petitioner's proposed amended petition was attached to his motion to amend. [D.E. #62-1].

## DISCUSSION

Petitioner asserts two claims in his original motion to vacate pursuant to 28 U.S.C. § 2255. First, he claims his trial counsel was ineffective insofar as he failed to file a notice of appeal pursuant to petitioner's instruction. Second, petitioner claims the court erred in calculating his sentencing level for the purpose of establishing his sentencing guideline range. Petitioner asserts a third claim in his response to the government's motion to dismiss alleging his trial counsel was further ineffective insofar as he failed to object to the

2

advisory guideline range established by the court. Petitioner admits he "does not present new information or arguments..." in his proposed amended petition [D.E. #62 at 3]; however, the court has reviewed both his motion to amend and the attached proposed amended petition before making its decision.

## I. Ineffective Assistance of Counsel Claims

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In reviewing ineffective assistance of counsel claims, the court must make "every effort... to eliminate the distorting effects of hindsight," Id. at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (citing

3

Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance..." Strickland, 466 U.S. at 689.

a. Counsel's Alleged Failure to File Appeal

Petitioner first claims trial counsel was ineffective insofar as he failed to file notice of appeal as petitioner instructed. Although a criminal defense attorney's failure to file a notice of appeal after receiving instruction to do so by his client "deprives the defendant of his Sixth Amendment right to assistance of counsel...," United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), petitioner admits he signed a written statement advising his attorney that he did not want to appeal his sentence after initially requesting counsel to file a notice of appeal. Petitioner does not claim he later reconsidered his decision and requested counsel to file a notice of appeal after informing counsel he did not want to seek appeal in his written statement. Therefore the court agrees with the M&R that petitioner has not demonstrated his attorney failed to file a notice of appeal in contravention of petitioner's instructions and in violation of his Sixth Amendment right.

4

b. Counsel's Alleged Failure to Object to Sentencing Enhancements

Secondly, petitioner claims trial counsel was ineffective insofar as he failed to object to the court's calculation of his sentencing factors and establishment of his advisory guideline range. [D.E. #62-1 at 10]. At petitioner's sentencing hearing, the court applied a 7-level enhancement pursuant to USSG § 2B3.1(b)(2)(A) to counts five and seven because it found that petitioner had discharged a firearm in connection to those offenses. The court applied a six-level enhancement pursuant to USSG § 2B3.1(b)(2)(B) to count three because it found that petitioner otherwise used a firearm in connection to that offense. Lastly, the court refused to apply a 7-level enhancement pursuant to USSG § 2B3.1(b)(2)(A) to count one because petitioner was separately charged in count two under 18 U.S.C. § 924(c) in connection with that offense. When a sentence under 18 U.S.C. § 924(c) is imposed in conjunction with a sentence for an underlying offense, the specific offense characteristic for discharging the firearm is not applied.

Petitioner's claim is based upon a mistaken understanding of applicable law and facts. Petitioner argues the court mistakenly applied the foregoing enhancements to counts three, five, and seven because such enhancements cannot apply to offenses committed in connection with 18 U.S.C. § 924(c).

5

Petitioner errs, however, because those counts were not connected to an offense under 18 U.S.C. § 924(c). Count one is the only offense under which petitioner was sentenced that was connected with an offense under 18 U.S.C. § 924(c); and the court did not apply any inapplicable sentencing enhancement to that offense when determining petitioner's guideline level. Therefore, petitioner has not demonstrated that, but for counsel's alleged error, the result of his sentencing hearing would have been different.

**II. Court's Alleged Error in Calculating Sentencing Level**

Petitioner claims the court erred in its establishment of petitioner's advisory guideline range. The plea agreement in the instant case contained a provision whereby petitioner agreed, <u>inter alia</u>, to waive his right to appeal the sentence imposed, including any issues that relate to the establishment of the sentencing guideline range, reserving only the right to appeal from an upward departure from the sentencing guideline range established at sentencing. Petitioner further agreed to waive any right to contest his conviction or sentence in any post-conviction proceeding including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to petitioner at the time of his plea. Such waivers are enforceable so long as they are knowing and voluntary.

6

Case 4:11-cr-00050-H   Document 63   Filed 04/01/15   Page 6 of 8

United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner has not alleged that his waiver was not knowing and voluntary, and no evidence in the record indicates such facts. Therefore, petitioner's claim that the court erred in its establishment of his advisory guideline range is barred by his plea waiver.

### III. Petitioner's Objections to M&R

The court has reviewed the petitioner's objections to the M&R and finds them to be wholly unpersuasive. A full and careful review of the M&R and other documents of record, including petitioner's motion to amend and proposed amended petition, convinces the court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved.

### CONCLUSION

For the foregoing reasons, the court adopts the recommendation of the magistrate judge [D.E. #60] as its own; and for the reasons stated both in the M&R and herein supra as it relates to petitioner's filings after issuance of the M&R, the government's motion to dismiss [D.E. #54] is GRANTED. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. #47] is DISMISSED; and petitioner's motion for leave to file an amended petition [D.E. #62] is DENIED AS FUTILE. The clerk is directed to close this case.

7

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 1st day of April 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34